CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 1 3 2007

JOHN F. CORCORAN, CLERK
BY: /s/
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHERYL F. JOHNSON, | ) CASE NO. 3:06CV00038 |
|     Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | ) By:   B. Waugh Crigler |
| | )         U. S. Magistrate Judge |
|     Defendant. | ) |

This challenge to a final decision of the Commissioner which denied plaintiff's August 23, 2000 protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision here on review, GRANTING the plaintiff's motion for summary judgment to that extent, but REMANDING the case to the Commissioner for further proceedings under Sentence 4 of 42 U.S.C. § 405(g).

Plaintiff's various efforts to obtain disability insurance and SSI benefits have resulted in

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant.

three applications. Plaintiff's first application seeking both benefits was filed on March 5, 1996. (R. 15, 398.) On September 22, 1997, a Law Judge found that there were jobs available in the national economy for someone with plaintiff's residual functional capacity ("RFC"), and as such, she was not disabled. (*Id.*) The Appeals Council denied plaintiff's request to reopen the Law Judge's decision on July 14, 2000. (*Id.*) Plaintiff pursued no further action on this application. (R. 15.)

Plaintiff filed a second application, seeking both disability insurance and SSI benefits, and a Law Judge rendered his decision on July 12, 2002. (R. 16, 398.) In that decision, eventually adopted as a final decision of the Commissioner, the Law Judge found that plaintiff was forty-seven years old with a tenth grade education and past relevant work as a cashier. (R. 16.) The Law Judge also found that plaintiff had not engaged in substantial gainful activity during the relevant time period, and was insured for disability benefits through September 30, 1998[2]. (R. 17-18, 28.) Further, the Law Judge determined that, at all times being then considered, plaintiff suffered diabetes mellitus and depression, which were severe impairments though not sufficiently severe to meet or equal any listed impairment. (R. 22.) The Law Judge also determined that plaintiff's statements about her impairments and their impact on her ability to work were "not entirely credible" (R. 23), her allegations regarding her depression and the functional limitations imposed by the condition were "not entirely credible" (R. 24), and her allegations concerning her physical limitations were contradicted by the objective medical

---

[2]In order to qualify for Disability Insurance Benefits, the plaintiff must establish that she became disabled prior to the expiration of her insured status on September 30, 1998. *See* 20 C.F.R. § 404.131(a). Therefore, any evaluation of the plaintiff's disability following September 30, 1998 relates solely to her claim for Supplemental Security Income benefits.

2

evidence. (R. 25).

Plaintiff appealed the Law Judge's July 12, 2002 decision to the Appeals Council. (R. 7-9.) On April 3, 2003, the Appeals Council denied plaintiff's request for review.[3] (R. 376-378.) The same day, the Council entered an order receiving additional evidence and "making [the additional evidence] part of the record." (R. 375, 379, 405.) However, no action was taken by the Appeals Council on consideration of this evidence, and from what the undersigned can discern from the record, no judicial review of the April 3, 2003 decision by the Council was sought because counsel awaited resolution of the matter which remained pending before the Appeals Council. (R. 407-408.)

That is essentially how things stood when, on March 31, 2004, plaintiff filed her third application, this time seeking only SSI benefits, alleging onset commencing June 12, 1993. (R. 398, 400.) In a decision dated February 8, 2006, a Law Judge awarded plaintiff SSI benefits beginning March 11, 2004, the date of her third application. (R. 398, 400.) In support of that onset date, the Law Judge observed that the decision on plaintiff's second application had became final and binding on July 12, 2002, and found that, by operation of law, her disability could not begin prior to March 11, 2004, which was the date of her most recent application for

---

[3]During the course of this administrative appeal, plaintiff submitted additional evidence to the Appeals Council. (R. 375, 388-393.)

3

benefits.[4] (R. 398-399.)[5] The plaintiff sought review by the Appeals Council of this particular decision by letter timely filed with the Appeals Council.[6]

Interestingly, on May 15, 2006, the Appeals Council took action to set aside its April 3, 2003 decision not to review the Law Judge's July 12, 2002 decision. (R. 7-9.) It appears that the Council then considered the "additional information" which had been submitted on administrative appeal, and listed among the materials being considered in Exhibits AC-1 through AC-7 was the February 8, 2006 partially favorable decision of the Law Judge on plaintiff's SSI claim. (R. 6, 7-9.) Nevertheless, the Appeals Council found "no reason under our rules to review" the Law Judge's decision. (R. 7.) Accordingly, the Council denied review and adopted the Law Judge's July 12, 2002 decision as the final decision of the Commissioner. According to the plaintiff's complaint, which was filed on July 17, 2006, this denial was postmarked May 18, 2006, rendering her complaint timely filed.

Plaintiff first contends in her brief filed in support of her motion for summary judgment, that the administrative record filed with the court is incomplete in that it lacks the transcript from her June 13, 2002 hearing before the Law Judge. (Plaintiff's Brief, p. 1.) On March 29, 2007, the Commissioner filed a Supplemental Administrative Record containing the transcript from

---

[4]Payment of benefits may not be made for any period preceding the first month following the date on which an application is filed, or if later, the first month following the date all conditions for eligibility are met. 20 C.F.R. § 416.501

[5]The Notice Of Decision entered on February 8, 2006 suggests it was "Fully Favorable." It was not, however, because the date of disability onset was less favorable than the one sought in the application for benefits. (R. 394-396.)

[6]Though the first page of the letter appeal indicates it was drafted on March 13, 2005, the second page reflects it was written on March 13, 2006. (R. 6, 405-406.)

4

that hearing. (Dkt. No. 21.) Plaintiff's procedural argument has been rendered moot.

Plaintiff next contends that the Appeals Council failed to provide a sufficient basis for its decision to deny review after it set aside its earlier decision as is required under *Riley v. Apfel*, 88 F. Supp. 2d 572 (W.D. Va. 2000). (Pl.'s Brief at 3.) In that connection, she argues that, if properly considered, the additional evidence before the Council is so favorable that it essentially compels a finding that she has been precluded from all work-related activity since before June 30, 1998, and that, if nothing else, a review by a medical expert would confirm this. (*Id.*) Plaintiff also advances that the Law Judge failed to consider all the opinions of the treating and examining doctors in the case, did not fully evaluate her RFC and did not consider the vocational evidence which was favorable to her when the vocational expert (VE) was asked to consider the non-exertional effects of her maladies on the availability of jobs.[7] Moreover, plaintiff infers, if not outrightly argues, that a full and fair evaluation of all the evidence before the Council would compel a reexamination of the Law Judge's determination of her credibility, which clearly played a large role in his decision.

In the Defendant's Brief In Support of His Motion For Summary Judgment ("Def.'s Brief"), the Commissioner asserts that any consideration of plaintiff's claim prior to September 30, 1998 is barred by administrative *res judicata*. (Def.'s Brief at 3-4.) Addressing everything but the *Riley* issue, the Commissioner offers that there is substantial evidence to support the denial of benefits based, both on the medical evidence and the plaintiff's credibility. He seeks

---

[7] In his July 12, 2002, decision, the Law Judge found plaintiff unable to perform her past relevant work as a cashier and a custodian, reaching the final question in the sequential evaluation process, a determination of which required reliance on vocational evidence because non-exertional limitations were present. (R. 26-28.)

affirmation of his final decision in the case.

It is well-established that federal courts lack jurisdiction to review the Commissioner's refusal to open a prior claim for disability benefits absent a refusal to reopen on constitutional grounds. *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977). However, if the Commissioner considers the prior application on its merits, that application is deemed constructively reopened and *res judicata* is waived. *McGowen v. Harris*, 666 F.2d 60, 65-66 (4th Cir. 1981).

The record does not give the undersigned a clear picture of the weight the Appeals Council assigned the additional information submitted to it once it belatedly vacated its previous determination of April 3, 2003. Certainly vacatur of its prior decision left open the entire merits of the appeal, and the Council's rather laconic treatment of all the additional information and evidence before it leaves this court in the same position in Judge Kiser found himself in *Riley*, namely unable to perform an adequate judicial review. The undersigned agrees with plaintiff to the extent that the evidence which the Council indicated it was reconsidering after vacatur, albeit belatedly in May, 2006, is relevant and material not only to the question of where the weight of the medical evidence lies in this case, but also on her credibility. Furthermore, it cannot be denied that the Law Judge's determination of plaintiff's credibility played a large role in the ultimate outcome before him, for he makes a point several times that plaintiff's symptoms either were not credible, were exaggerated or were inconsistent with the other evidence that had been presented to him at the time. Of course, he did not have benefit of the evidence submitted to the Appeals Council.

The undersigned is of the view that good cause has been shown to remand this case to the

Commissioner for further proceedings consistent with *Riley*. Only then, if again called upon to review the Commissioner's final decision, will the court be able to determine the basis upon which the Commissioner has acted. Accordingly, the undersigned RECOMMENDS that an order enter REVERSING the Commissioner's final decison here on review, GRANTING the plaintiff's motion for summary judgment to that extent, but REMANDING the case to the Commissioner for further proceedings under Sentence 4 of 42 U.S.C. § 405(g).[8]

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

7-13-07
Date

---

[8] A determination favorable to the plaintiff on the merits of the claim here on appeal would affect, as a matter of law the question of onset later decided on February 8, 2006 in relation to plaintiff's SSI claim.

7